**HANNEMANN LAW FIRM**, A PROFESSIONAL CORPORATION
Brian G. Hannemann, Esq., State Bar No. – 166109
1042 N. Mountain Ave., Suite B-222
Upland, California 91786
Tel: (909) 980-7878
Fax: (909) 912-8999
bghesq@gmail.com

**Law Offices of Marc D. Mabile, APLC**
Marc D. Mabile, Esq., State Bar No. – 144799
1950 Fifth Ave., Suite 200
San Diego, California 92101
Tel: (619) 702-2600
Fax: (619) 702-2611
mmabile@aol.com
[ADDITIONAL COUNSEL ON LAST PAGE]

Attorneys for Plaintiffs,
JOY GREINER, LISA NASSAR, SANDRA FLORES, ALICIA PENALOZA,
MARC MABILE, BRIAN HANNEMANN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY GREINER, LISA NASSAR, SANDRA FLORES, ALICIA PENALOZA, MARC MABILE, BRIAN HANNEMANN, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-50, inclusive, <br> Defendants. | Case No.: 5:22-cv-01229 <br><br> **COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS** <br><br> **(42 U.S.C. § 1983)** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs JOY GREINER, LISA NASSAR, SANDRA FLORES, ALICIA PENALOZA, MARC MABILE, BRIAN HANNEMANN (jointly, "Plaintiffs"), through their counsel, bring this action against Defendant Robert Bonta, in his official capacity as Attorney General of the State of California and Does 1-50, and allege as follows:

## INTRODUCTION

1.      Before June 27, 2022, Defendant Bonta, through the State of California's firearms laws and regulations, acquired sensitive, private information of hundreds of thousands of law-abiding individuals who chose to lawfully exercise their Second Amendment rights to keep and bear arms as guaranteed by the United States Constitution, by, among other things, acquiring or attempting to acquire firearms or a concealed weapons permit.

2.      Before June 27, 2022, Defendant Bonta, collected, organized, and created an electronic, searchable registry, which the California Department of Justice refers to as its "Firearms Dashboard Portal," and which registry consisted of, among other things, the sensitive, private information such as names, addresses, and dates of birth, of nearly six hundred thousand Californians who are gun owners, concealed carry permit holders, and others whose information was in California's possession because of its firearms laws and regulations [hereinafter the "Registry."].

3.      On June 27, 2022, Defendant Bonta wrongfully disclosed the Registry to the public and onto the world wide web, thus exposing the sensitive, private information of everyone on Registry.  Bonta stated soon after the data leak in a publicly available webpage that "the California Department of Justice learned that personal information was disclosed in connection with the June 27th release of the DOJ's Firearms Dashboard Portal."  The Registry included information collected from the Assault Weapon Registry, Dealer Record of Sale, Firearm Certification System, and Gun Violence Restraining Order information process and compilation:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

"As of now, the exposed data appears to include: full name, date of birth, address, gender, race, CCW license number, California information Index number . . . other government-issued identifiers . . . [and] driver's license number." (https://www.oag.ca.gov/dataexposure).  Dealer Record of Sale documents contain an individual's Social Security number as well as make, model and serial number of firearms.

4.    Bonta also confirmed that the Registry disclosure was not immediately discovered for nearly 24 hours, thus permitting countless persons worldwide to have accessed the Registry information for nefarious purposes.

5.    This unlawful disclosure of law-abiding Californians' sensitive private information to the public in violation of California and federal law provides anyone, including anti-Second Amendment persons, political operatives, and criminals with an easy means to among other things, dox, harass, intimidate and commit criminal acts upon anyone whose information was on the Registry, including gun owners.  The unlawful disclosure also pinpointed precisely by individual address the make, model, serial number and physical location of where hundreds of thousands of firearms are located.

6.    Bonta's admittedly inept at best or criminal at worse wrongful disclosure of the Registry's sensitive private information has caused great harm to Plaintiffs, which is immediate, ongoing, and not at all likely to be abated given that the wrongful disclosure happened at the highest law enforcement office in the State and it is this same Department of Justice which is promising to take "strong corrective measures where necessary."  What measures can possibly be taken now, after the proverbial horse has left the barn?  The harm has only just now begun, as the private information has been released to the world, Plaintiffs are currently at risk, and continue to be at risk, and no conceivable action by the California Department of Justice can remove the risk whatsoever.  This action and judgment in favor of Plaintiffs can ameliorate the risk, to some extent, by ordering the State

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   of California to cease the illegal collection of information, and to destroy all
2   information collected, remove all such information from the internet, and amend its
3   CCW system to allow Plaintiffs to provide a P.O. Box or other non-residential
4   address and reissue Plaintiffs' CCW permits without residential address
5   information stored or maintained anywhere within the State's database or
6   possession or control.

7       7.      All of this risk could have and should have been eliminated entirely,
8   had the Department of Justice NOT illegally collected, organized and disclosed the
9   Registry.  There is no Constitutional basis at all for the State to have collected,
10  organized, and created the "DOJ Firearm Dashboard Portal," let alone further
11  possess or use for any reason at all the Registry information on law abiding gun
12  owners.  The State's possession of this information is an infringement on the right
13  to keep and bear arms as protected by the Second and Fourteenth Amendments to
14  the United States Constitution and is unconstitutional under *New York State Rifle*
15  *& Pistol Ass'n, Inc. v. Bruen*, --- S. Ct. ----, No. 20-843, 2022 WL 2251305 (June
16  23, 2022).

## JURISDICTION AND VENUE

18      8.      This Court has federal question jurisdiction over this case pursuant to
19  28 U.S.C. § 1331 because it arises under the Second, Fourth, and Fourteenth
20  Amendments to the U.S. Constitution and 42 U.S.C. § 1983.  This Court has
21  authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other
22  relief, including preliminary and permanent injunctive relief, pursuant to Rule 65
23  of the Federal Rules of Civil Procedure.

24      9.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §
25  1367, over the state law claims because they are so related that they form part of
26  the same case or controversy.

27      10.     Venue is proper in the Eastern Division of the Central District of
28  California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  Specifically, almost every Plaintiff resides in the Eastern Division of the Central District, where they must bear the burdens and damages inflicted by Defendant Bonta, and possess firearms that Defendant Bonta's actions have placed at risk of theft by criminals.  Under California state law, actions are also properly filed in the Eastern Division of the Central District because the Attorney General and the California Department of Justice maintain an office in Riverside, California, located in the Eastern Division of the Central District.  California Code Civ. Proc. Code § 401(1).

11.    The Court has personal jurisdiction over Defendant because Defendant, as the Attorney General of the State of California, is within the State of California.

## **PARTIES**

12.    Plaintiff Joy Greiner is a resident of San Bernardino County.  She holds a Concealed Carry Weapons Permit issued by the Sheriff of San Bernardino County.  Her personal sensitive information was publicly wrongfully disclosed by the California Office of the Attorney General in the June 27, 2022 Registry data leak.  As a result of the Attorney General's disclosure, Ms. Greiner is concerned for her safety and the security of the firearms in her home, criminal targeting, as well as the negative attention or retaliation the doxing and disclosure may draw from members of the public who are hostile to gun owners.

13.    Plaintiff Lisa Nassar is a resident of San Bernardino County.  She holds a Concealed Carry Weapons Permit issued by the Sheriff of San Bernardino County.  Her personal sensitive information was publicly wrongfully disclosed by the California Office of the Attorney General in the June 27, 2022 Registry data leak.  As a result of the Attorney General's disclosure, Ms. Nassar is concerned for her safety and the security of the firearms in her home, criminal targeting, as well as the negative attention or retaliation the doxing and disclosure may draw from

members of the public who are hostile to gun owners.

14.    Plaintiff Sandra Flores is a resident of San Bernardino County.  She holds a Concealed Carry Weapons Permit issued by the Sheriff of San Bernardino County.  Her personal sensitive information was publicly wrongfully disclosed by the California Office of the Attorney General in the June 27, 2022 Registry data leak.  As a result of the Attorney General's disclosure, Ms. Flores is concerned for her safety and the security of the firearms in her home, criminal targeting, as well as the negative attention or retaliation the doxing and disclosure may draw from members of the public who are hostile to gun owners.

15.    Plaintiff Alicia Penaloza is a resident of San Bernardino County.  She holds a Concealed Carry Weapons Permit issued by the Sheriff of San Bernardino County.  Her personal sensitive information was publicly wrongfully disclosed by the California Office of the Attorney General in the June 27, 2022 Registry data leak.  As a result of the Attorney General's disclosure, Ms. Penaloza is concerned for her safety and the security of the firearms in her home, criminal targeting, as well as the negative attention or retaliation the doxing and disclosure may draw from members of the public who are hostile to gun owners.

16.    Plaintiff Marc Mabile is a resident of San Diego County.  He purchased a firearm, setting forth personal, private information as mandated by the State of California pursuant to a Dealer Record of Sale document.  His personal sensitive information was publicly wrongfully disclosed by the California Office of the Attorney General in the June 27, 2022 Registry data leak.  As a result of the Attorney General's disclosure, Mr. Mabile is concerned for his safety and the security of the firearms in his home, criminal targeting, as well as the negative attention or retaliation the doxing and disclosure may draw from members of the public who are hostile to gun owners.

17.    Plaintiff Brian Hannemann is a resident of San Bernardino County. He holds a Concealed Carry Weapons Permit issued by the Sheriff of San

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Bernardino County.  His personal sensitive information was publicly wrongfully disclosed by the California Office of the Attorney General in the June 27, 2022 Registry data leak.  As a result of the Attorney General's disclosure, Mr. Hannemann is concerned for his safety and the security of the firearms in his home, criminal targeting, as well as the negative attention or retaliation the doxing and disclosure may draw from members of the public who are hostile to gun owners.

18.   Defendant Robert Bonta is the State of California's Attorney General. In that capacity, he is the state's chief law enforcement officer and Article V, section 13, of the California Constitution imposes on him the duty to enforce the state's laws. As Attorney General, Defendant Bonta leads the California Department of Justice ("Department") and is responsible for the actions of the DOJ. Plaintiffs are suing Defendant Bonta in his official capacity.

19.   At this time, Plaintiffs do not know the true names or capacities of defendant DOES 1-50 but will amend this Complaint when they are identified. Plaintiffs allege that Bonta and DOES 1-25, and each of them, are and acted as the agents of each other with respect to the actions alleged herein.

## FACTS

### The 2022 Firearms Dashboard Portal

20.   On Thursday, June 23, 2022, the United States Supreme Court decision in *New York State Rifle & Pistol Association v. Bruen* struck down a New York gun law that placed restrictions on the concealed carry of guns.

21.   That same day, Attorney General Bonta released a statement following the decision that his office and the Governor of California were working with the legislature to advance new gun legislation.

22.   Four days later, on Monday, June 27, 2022, the Department launched the "2022 Firearms Dashboard Portal."

23.   In a press release, entitled "Attorney General Bonta Releases New

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Firearms Data to Increase Transparency and Information Sharing," Attorney General Bonta was quoted as saying, "One of my continued priorities is to better provide information needed to help advance efforts that strengthen California's commonsense gun laws. Today's announcement puts power and information into the hands of our communities by helping them better understand the role and potential dangers of firearms within our state."

24.     The press release emphasized the mission of the portal by professing that "[w]ith today's announcement, Attorney General Bonta is improving accessibility and functionality of the existing firearms database with expanded information in a comprehensive data dashboard" and by "[i]mproving transparency by expanding gun violence-related data the California Department of Justice releases to researchers."

25.     Further, "[t]he dashboard also provides links to a variety of supplemental resources such as reports, applications, legal information . . . The release of the expanded data and information continues Attorney General Bonta's commitment to make the data more accessible to the public."

26.     The dashboard included data from the past decade on the following subjects: Dealer Record of Sales, Gun Violence Restraining Orders, Carry Concealed Weapons Permits, Firearms Safety Certificates, Assault Weapons, and Roster of Certified Handguns.

**Release of CCW Permit Holders and Others' Sensitive Personal Information**

27.     The 2022 Firearms Dashboard Portal included sensitive personal information, including the California resident's full name, gender, date of birth, race, home address, driver's license number, permit issue date, and criminal history [the "Registry"].

28.     The Registry information was available on a publicly accessible spreadsheet on the world wide web for nearly 24 hours until the Department of Justice claims to have shut down the website on Tuesday, June 28, 2022, and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

admittedly during which time the Registry information was open to public view ["After DOJ learned of the data exposure, the Department took steps to remove the information from public view and shut down the Firearms Dashboard.  The dashboard and data were available for less than 24 hours."  (Letter from State of California Office of the Attorney General, Rob Bonta, Attorney General, dated July 8, 2022, mailed to Plaintiffs, hereinafter "Bonta Letter").

29.    Visitors to the Firearm Dashboard Portal could download and store this sensitive personal information via a button on the website's mapping feature. Bonta has not informed Plaintiffs about to whom the Registry information has been disclosed, and instead has offered bureaucratic platitudes demonstrating no real effort to protect Plaintiffs but instead to self-investigate its own malfeasance, including that the DOJ is "working to improve security, mitigate risk, launch[ing] an investigation . . . conducting a review of our policies and procedures and working to implement additional security measures . . . ."  (Bonta Letter, paragraph 4).

30.    As a result of the leak, more than half-a-million (591,972) Californians have had their personal information compromised and wrongfully exposed.

31.    According to published reports, in Los Angeles county alone, 2,891 individuals with standard licenses had their information leaked including 420 reserve officer permits, 244 judge permits, sixty-three employment permits, and seven custodial officer permits.

32.    Defendant Bonta later indicated that the Department was "investigating an exposure of individuals' personal information connected to the DOJ Firearms Dashboard" and "[a]ny unauthorized release of personal information is unacceptable. We are working swiftly to address this situation and will provide additional information as soon as possible."

33.    On Wednesday, June 29, 2022, the Department issued a press release

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

admitting that based on its current investigation, "the incident exposed the personal information of individuals who were granted or denied a concealed and carry weapons (CCW) permit between 2011-2021. . . Additionally, data from the following dashboards were also impacted: Assault Weapon Registry, Handguns Certified for Sale, Dealer Record of Sale, Firearm Safety Certificate, and Gun Violence Restraining Order dashboards."

34. In the same press release, the Department confirmed the data breach in a statement by Attorney General Bonta admitting that "this unauthorized release of personal information is unacceptable." He further commented, "We acknowledge the stress this may cause those individuals whose information was exposed."

35. The press release also indicated that "the Department will notify those individuals whose data was exposed and provide additional information and resources. California law requires a business or state agency to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person."

36. The release provided resources to those whose information was exposed and advised those individuals to "[m]onitor your credit," "[c]onsider placing a free credit freeze on your credit report," "[p]lace a fraud alert on your credit report," and resources if the individuals became "victim[s] of identity theft."

37. According to a June 29, 2022 statement issued by the President of the California State Sheriff's Association, CSSA President and Butte County Sheriff Kory Honea stated that "It is infuriating that people who have been complying with the law have been put at risk by this breach," and "California's sheriffs are very concerned about this data breach and the risk it poses to California's CCW permit holders."

38. The lack of disclosure in the Bonta Letter as to who accessed, or

downloaded the Registry information is appalling, and is nothing more than an admission that the Registry has irreparably fallen into the public domain to such an extent that the only assistance the Department of Justice can admittedly provide is limited to "establish[ment of] a call center to address any question," [and] [offering complimentary access to credit monitoring services . . ." (Bonta Letter, paragraph 5). It hardly inspires confidence that the very same governmental agency which illegally collected, maintained, and wrongfully released private information of CCW holders and other Second Amendment exercising individuals is now further targeting those very same individuals with more monitoring and data collection, by directing those individuals to another massive data collection and monitoring scheme.

39.     Nowhere in the Bonta Letter is any mention of the seriousness of the other risk facing Plaintiffs, such as doxing, and criminal targeting, such as burglary and worse. Just how sincere is the purported regret expressed by Rob Bonta ("We sincerely regret the unacceptable disclosure of your personal date and I offer my sincerest apology on behalf of the entire Department of Justice") when there is nothing in the Bonta Letter addressing or attempting to ameliorate the serious doxing and criminal risks Plaintiffs now face?

## CLAIMS

## FIRST CLAIM

**The Second Amendment Right to Keep and Bear Arms**

**(U.S. Const., amends. II and XIV; 42 U.S.C. § 1983)**

**(By all Plaintiffs Against Defendant)**

40.     Plaintiffs hereby incorporate by reference and restate the preceding paragraphs, as if set forth herein.

41.     The Second and Fourteenth Amendments to the United States Constitution protect the right of ordinary, law-abiding citizens right to keep and bear arms. See U.S. Const., amends. II and XIV; McDonald v. City of Chicago,

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

561 U.S. 742, 750, 778 (2010); *Bruen*, --- S. Ct. ----, No. 20-843, 2022 WL 2251305 *1.

42.   The Second Amendment commands that the "right of the people to keep and bear arms shall not be infringed." U.S. Const. amend. II.

43.   That right is "elevate[d] above all other interests the right of law-abiding responsible citizens to use arms in the defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). The Second Amendment protects the right of Californians to keep and bear arms just like every other citizen.

44.   California, through Defendant Bonta, collects Californians' sensitive personal data, including information contained in concealed carry permit applications, and Dealer Record of Sale, among others things, because those Californians merely seek to exercise their right to keep and bear arms.  California maintains that information indefinitely (the released information covered information collected during the last decade).

45.   California's collection and maintenance of that data is an infringement upon the right of Californians to exercise their rights to keep and bear arms as protected by the Second Amendment.

46.   California's wrongful collection, maintenance, and release of that data has a chilling effect on Californians' exercise of their right to keep and bear arms. The wrongful release of this sensitive personal information, which is protected from unauthorized public release or publication by both California and federal law, has and will have a chilling effect on Californians and their right to keep and bear arms.  Californians will be less likely to submit such information to the state in order to exercise their right to keep and bear arms, thus they will face the Hobson's choice of providing such information to California, or not exercising their right to keep and bear arms.

47.   As a direct and proximate result of California's wrongful collection,

maintenance, and disclosure of this sensitive personal data in order to comply with its onerous and unconstitutional restrictions on the right of Californians to keep and bear arms, the Plaintiffs have been harmed and now legitimately fear for their privacy and physical safety.  Further, because the Registry disclosure to the public included actual, physical addresses where the firearms are located, anyone present at the addresses on the Registry face risk, such as houseguests and workers who may be present at the time of harassment activity by anti-second amendment operatives or criminals bent on illegal acts such as burglary, theft and worse.

48.     Plaintiffs therefore seek a declaration that California's wrongful collection, maintenance, and disclosure of this sensitive personal data violated the Second and Fourteenth Amendments to the United States Constitution and placed their identity, property, and physical safety at risk, and seek injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information in connection with any regulation of firearms pursuant to California law.

49.     Plaintiffs seek all relief permitted under the law, including damages, injunctive or other equitable relief to ensure the Department adequately destroys and removes from the Registry or safeguards their personal information going forward, and attorney fees and costs as allowable by law.

## SECOND CLAIM

### The Fourth Amendment Right to Privacy

### (U.S. Const., amend. XIV; 42 U.S.C. § 1983)

### (By all Plaintiffs Against Defendant)

50.     Plaintiffs hereby incorporate by reference and restate the preceding paragraphs, as if set forth herein.

51.     There is a "threat to privacy implicit in the accumulation of vast amounts of personal information in computerized [government] data banks or other massive government files." *Whalen v. Roe*, 429 U.S. 589, 605 (1977).

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Californians, like all Americans, have an "individual interest in avoiding the [wrongful] disclosure of personal matters." *Id*. at 599.

52.     California's wrongful disclosure and publication of the sensitive personal information of the Plaintiffs, including their home addresses and dates of birth, as well as their status as an owner of a firearm(s), violated their right to privacy under the United States Constitution.  See e.g., *Eisenstadt v. Baird*, 405 U.S. 438 (1972); *Griswold v. Connecticut*, 381 U.S. 479 (1965); *Skinner v. Oklahoma*, 316 U.S. 535 (1942).

53.     Plaintiffs had a reasonable expectation that California would protect their sensitive personal information.

54.     Plaintiffs only provided that information to California because they wished to exercise their right to keep and bear arms and comply with California law.  Because of California's legal scheme, absent Plaintiff's providing private, sensitive information on Dealer Record of Sale documents, CCW applications and the like, Plaintiffs could not and would not have been able to lawfully exercise their Second Amendment rights.  Thus, they were faced with a choice: forfeit the Second Amendment right to keep and bear arms, or disclose personal, private, sensitive information and hope that the anti-Second Amendment bureaucrats did not improperly use or disclose such information to political operatives or criminals.

55.     California represented that the information would only be used for purposes related to compliance with its law and represented and represents to the public that such information is protected and will not be wrongfully published or disclosed. See Cal. Civ. Code §§ 1798-1798.78

56.     Despite these representations and in violation of its own laws, California wrongfully disclosed the Plaintiffs' sensitive personal information to the entire world.

57.     As a result, the Plaintiffs' privacy rights have been violated, their credit profiles are at risk to identity thieves, and their property and physical safety

are also at risk.

58.    Plaintiffs therefore seek a declaration that California's wrongful disclosure of this sensitive personal data violated their privacy rights under the United States and California's Constitutions, placed their identity, property, and physical safety at risk, and seek an injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information in connection with any regulation of firearms pursuant to California law.

59.    Plaintiffs seek all relief permitted under the law, including damages, injunctive or other equitable relief to ensure the Department adequately safeguards their personal information going forward, and attorney fees and costs.

## THIRD CLAIM

### California's Constitutional Right to Privacy

### (Ca. Const., art. 1, § 1)

### (By all Plaintiffs Against Defendant)

60.    Plaintiffs hereby incorporate by reference and restate the preceding paragraphs, as if set forth herein.

61.    Plaintiffs enjoy a legally protected privacy interest in their personal information, including full name, gender, date of birth, race, home address, driver's license number, CCW permit issue date, DROS information, and criminal history, if any.

62.    Plaintiffs had a reasonable expectation that the personal information they had submitted to the California Department of Justice at the Department's direction would remain private and not be disclosed to the public at large.

63.    The Department wrongfully invaded Plaintiffs' legally protected privacy interest when it disclosed from lack of due care or otherwise, including upon information and belief, intentionally doing so, to the public at large the Registry and personal information of Plaintiffs.

64.    The Department's wrongful invasion of Plaintiffs' legally protected

privacy interest was egregious given the type of personal information exposed, including sensitive and confidential information such as date of birth, race, home address, driver's license number, CCW permit issue date, and criminal history, if any.

65.     The public at large had access to this sensitive and confidential information for a sufficiently appreciable time, nearly 24 hours, enabling countless persons to access and download the Registry information.

66.     In light of the sensational Second Amendment jurisprudence of late, including several noteworthy cases arising in the Southern District of San Diego, hotly litigated including en banc in the 9th Circuit, and given the political climate full of rancor towards traditional, conservative Constitutional viewpoints regarding the Second Amendment, it is hardly a coincidence that less than a week after the US Supreme Court's issuance of the Bruen opinion that, upon information and belief, the California Department of Justice, enabled, orchestrated and or intended for the Registry's personal information to be released to intimidate Plaintiffs, and others in the future from seeking to exercise their Second Amendment rights.

67.     The timing of the Department's release of the personal information is anything but deliberate.  The disclosure came just days after the United States Supreme Court found restrictive concealed carry laws such as California's unconstitutional on June 23, 2022.  This was also after Defendant Bonta personally pledged to help enact more gun laws, and the Registry's public disclosure occurred in connection with Defendant Bonta's announcement he was publishing more information about gun ownership in California.

68.     Plaintiffs therefore seek a declaration that California's wrongful disclosure of this sensitive personal data violated their privacy rights under the California Constitution, placed their identity, property, and physical safety at risk, and seek an injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information in connection with any regulation of

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    firearms pursuant to California law.

2        69.    Plaintiffs seek all relief permitted under the law, including damages,

3    injunctive or other equitable relief to ensure the Department adequately safeguards

4    their personal information going forward, and attorney fees and costs.

5                              **FOURTH CLAIM**

6              **California Information Practices Act of 1977**

7                  **(Cal. Civ. Code §§ 1798-1798.78)**

8                  **(By all Plaintiffs Against Defendant)**

9        70.    Plaintiffs hereby incorporate by reference and restate the preceding

10   paragraphs, as if set forth herein.

11       71.    The Information Practices Act ("IPA") "generally imposes limitations

12   on the right of governmental agencies to disclose personal information about an

13   individual." *Bates v. Franchise Tax Bd.* (2004) 124 Cal.App.4th 367, 373 (citations

14   omitted).  The IPA "was designed by the Legislature to prevent misuse of the

15   increasing amount of information about citizens which government agencies amass

16   in the course of their multifarious activities, the disclosure of which could be

17   embarrassing or otherwise prejudicial to individuals or organizations." *Anti-*

18   *Defamation League of B'nai B'rith v. Superior Court* (1998) 67 Cal.App.4th 1072,

19   1079.

20       72.    "Under the Act, state agencies are required to limit the collection and

21   retention of personal information to that necessary to accomplish the agency's

22   specific purpose." *Perkey v. Dep't of Motor Vehicles* (1986) 42 Cal.3d 185, 193

23   (citing Cal. Civil Code § 1798.32). "[A]ll disclosures of personal information are

24   restricted (§ 1798.24), and an accounting of such disclosures must be made,

25   including disclosures pursuant to subpoena or search warrant (§ 1798.25)." Id.

26       73.    The California Department of Justice is a state office, department,

27   division, or agency and is therefore subject to the IPA.

28       74.    Under the IPA the Department of Justice has a duty to not disclose

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

personal information in a manner that would link the information disclosed to the individual to whom it pertains.

75.     Under the IPA the Department has a duty to prevent personal information from unauthorized access and exfiltration, theft, or disclosure.

76.     Under the IPA the Department has a duty to establish appropriate and reasonable administrative, technical, and physical safeguards to ensure the security and confidentiality of records, and to protect against anticipated threats or hazards to their security or integrity which could result in any injury.

77.     Under the IPA the Department has a duty to designate an employee responsible for ensuring the Department complies with the IPA.

78.     Inasmuch as the Department contracts for operation and maintenance of the personal information records, the Department has a duty to ensure the IPA's requirements are applied to those records.

79.     The Department breached those duties when it disclosed to the public at large the personal information of Plaintiffs.

80.     As a result of the Department's breaches Plaintiffs have suffered adverse effects, including, on information and belief, identify theft, harassment, and reputational harm.

81.     Plaintiffs therefore seek a declaration that California's excessive and unwarranted collection, maintenance, and wrongful disclosure of this sensitive personal data violated the IPA, placed their identity, property, and physical safety at risk, and seek an injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information in connection with any regulation of firearms pursuant to California law.

82.     Plaintiffs seek all relief permitted under the law, including damages and injunctive or other equitable relief to ensure the Department adequately safeguards their personal information going forward, and attorney fees and costs.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Request judgment against all Defendants as follows:

1. For appropriate compensatory damages in an amount be determined at trial;

2. For appropriate equitable relief as allowed by 42 U.S.C. § 1983 and an injunction enjoining Defendants from collecting, maintaining, or disclosing Plaintiffs' sensitive personal information in connection with the exercise of the right to keep and bear arms as protected by the Second and Fourteenth Amendments to the United States Constitution;

3. For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants and entry of a judgment declaring that California's collection, maintenance, and/or wrongful disclosure of the Plaintiffs' sensitive personal information in connection with the Plaintiffs' desire to exercise their right to keep and bear arms violated their rights under the Second, Fourth, and Fourteenth Amendments to the United States Constitution, California's Constitutional Right to Privacy (Ca. Const., art. 1, § 1), and the California Information Practices Act of 1977 (Cal. Civ. Code §§ 1798-1798.78);

4. For all remedies available under 42 U.S.C. § 1983 and an award of reasonable attorneys' fees, costs and other expenses as permitted by 42 U.S.C. § 1988, the Federal Rules of Civil Procedure, Cal. Civ. Code §§ 1021.5, 1028, 1029, and 1032, and other applicable law;

5. For such other and further relief to which Plaintiffs may show themselves justly entitled.

//
//
//
//

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2       Plaintiffs request a trial by jury on all issues so triable.

3

4   Dated: July 14, 2022              Respectfully Submitted,

5                                   **HANNEMANN LAW FIRM, APC**

6                                   **LAW OFFICES OF MARC D. MABILE**
                                   **KATHLEEN DOHERTY, ESQ.**

7

8                       By: <u>/s/Brian G. Hannemann, Esq.</u>

9                          Brian G. Hannemann, Esq.

10                        Marc D. Mabile, Esq.
                        Kathleen Doherty, Esq.

11                        Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Kathleen Doherty, Esq.
1042 N. Mountain Ave., Suite B-596
Upland, CA  91786
Tel:  (909) 522-0228
Fax:  (909) 912-8084
kateydoherty@gmail.com

Additional Counsel for Plaintiffs

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF